# NEWBOLD v. MARKOWITZ

## Case No. 83-141 AP and 83-214 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

June 18, 1984

### APPEARANCES OF COUNSEL

**Richard Bert Newbold,** pro se.

**Sanford Freedman** for appellee.

Before BARAD, LANTZ, SALMON, JJ.

### OPINION OF THE COURT

SALMON, Judge.

This is another matter in which this Court must speculate as to what actually happened in the trial court. What likely occurred is this: In Case No. 83-141 AP, the landlord filed an action for eviction for unpaid rent. The tenant counterclaimed because of his contention that the landlord had not lived up to his agreement. Because the landlord had accepted rent, his claim for eviction was dismissed. Because the

tenant did not prove his counterclaim, it was dismissed.[1] However, by interlocutory order, the trial judge determined that a tenancy at will existed between the parties.[2] The landlord then sent the required statutory notice to the tenant, advising him that the tenancy at will was terminated; the tenant refused to vacate, and Case No. 214 AP was filed seeking to evict the tenant. The outcome of that case was predictable.

The real issue in these cases is whether the tenancy between the parties was a tenancy at will. The written lease that was originally made by the parties has a section which governs renewals, cancellations and rights between the parties in years after the original term. While it is not easy to understand precisely what those provisions mean, there are circumstances under which the original tenancy could have become a tenancy at will. In Case No. 214 AP, this was an issue. Because we do not have a transcript of the evidence presented to the trial judge, we are unable to say that the trial judge was wrong in his determination.

The same result must be reached with respect to the counterclaims.

The judgment in each case is affirmed.

BARAD and LANTZ, JJ., concur.

---

[1] There is no transcript of any hearing or trial, however, the written orders make these results clear.

[2] This determination was not directly raised as an issue in Case No. 141 AP.